INDUSTRIAL MUTUAL INDEMNITY COMPANY *v.* ARMSTRONG.

Opinion delivered January 3, 1910.

1. APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.—Where error appears upon the face of a judgment, a motion for new trial is unnecessary to bring it to the attention of the appellate court. (Page 85.)

2. INSURANCE—PENALTY AND ATTORNEY'S FEES.—Where plaintiff, suing upon a fire insurance policy, recovered less than the amount sued for, he is not entitled to recover a penalty and attorney's fee. *Pacific Mutual Life Ins. Co.* v. *Carter*, 92 Ark. 378, followed. (Page 85.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; reversed in part.

STATEMENT BY THE COURT.

Appellee sued appellant in justice's court on certain accident insurance policies. In her complaint she asked for judgment for $70 and interest, also $10 per week during continuance of disability, and for 12 per cent. penalty and attorney's fees. She obtained judgment in the justice's court. And on appeal by appellant to the circuit court appellee again obtained judgment in the sum of $30, and also 12 per cent. penalties and $15 for an attorney's fee. Appellant moved to modify this judgment by eliminating the amount recovered as penalty and attorney's fee.

The court overruled the motion, and judgment was entered for the $30 and for the penalty and attorney's fee.

Appellant appeals from that part of the judgment for the penalty and attorney's fee. The amount demanded of the company was $70 and $10 per week during the continuance of her disability. The jury returned a verdict for $30.

*Jas. E. Hogue* and *Calvin T. Cotham,* for appellant.

1.  No motion for new trial was necessary, the error complained of appearing in that part of the judgment which imposed the penalty and attorney's fee. 57 Ark. 370; 61 Ark. 33.

2.  The act of 1905 imposing the penalty in question provides that the company, upon failure to pay within the time specified in the policy and after demand made therefor, shall be liable to pay the penalty. A fair construction of its meaning is that a defaulting company shall pay the penalty when the company is at fault for the delay. There must be a just demand for payment. 11 Ark. 44; 67 Ark. 562.

*R. G. Davies,* for appellee.

The act of 1905 is constitutional as to the penalty, and it was properly assessed. 58 Ark. 407; 65 Ark. 343.

WOOD, J., (after stating the facts). The court erred in rendering judgment for the penalty and attorney's fee. The error appeared in the judgment. A motion for new trial was therefore unnecessary to bring it to the attention of this court. *Gates* v. *School District,* 57 Ark. 370; *Norman* v. *Fife,* 61 Ark. 33.

The question here involved is ruled by the decision of this court in the recent case of *Pacific Mutual Life Ins. Co.* v. *Carter,* 92 Ark. 378. The judgment for penalty and attorney's fee is reversed, and judgment is entered here for appellee in the sum of $30, and appellee will pay the costs of this appeal.

