## AMERICAN NAT. INS. CO. v. TURNER.
### (No. 6241.)

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1920. Rehearing Denied Dec. 22, 1920.)

1. **Costs ⚙⟿172—Litigant not liable for attorney's fees apart from legislative exceptions.**

   A litigant is not liable to his adversary for any sum expended by the latter as attorney's fees apart from exceptions made by the Legislature.

2. **Insurance ⚙⟿675—Insurer not liable for attorney's fees where beneficiary recovers less than face of policy.**

   Where the beneficiary under a life insurance policy makes demand on the insurer for the face amount of the policy, which is larger than the amount due, and recovers a less amount by suit, the insurance company is not liable to her for attorney's fees under Rev. St. 1911, art. 4746.

3. **Insurance ⚙⟿392(1)—Acceptance of premiums held not to estop insurer to deny liability for face of policy on life of son in military service.**

   Under policy on the life of her son in the army taken out by his mother, which stipulated that, if permit for military service was not obtained and additional premium paid, the company's liability would be restricted to the net reserve on the policy, the insurer had no right to declare it forfeited for failure to obtain the permit, and the mother, the beneficiary, had the right to continue payment of the premiums stipulated, and to preserve the life of the policy, subject to such restriction, and acceptance of the premiums by the insurer did not estop it to deny liability for the face of the policy.

4. **Insurance ⚙⟿515—Provision restricting liability in case of military service ineffectual except in case of death through such service.**

   Policy stipulating that, if permit for service in the army by insured after war began was not obtained and an additional premium paid, the insurer's liability would be restricted to the net reserve on the policy, rendered the insurer liable for its face amount, if insured died from any cause other than the fact of service in actual war.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by Mary E. Turner against the American National Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed in part, and in part reversed and rendered.

Herbert Scharff, T. J. Conway, and Williams & Williams, all of Waco, and C. W. Nugent, of Galveston, for appellant.

G. W. Barcus and Alva Bryan, both of Waco, for appellee.

KEY, C. J. This is a suit against a life insurance company, and from a judgment in favor of the plaintiff for $3.60, due on a policy, and $75 attorney's fees, the insurance company has appealed. There is no statement of facts, and the case is submitted in this court upon the trial court's findings of fact, which are as follows:

"I find that, during the year 1916, Ben F. Turner enlisted in the army and served therein continuously until his death, serving first on the border between Texas and Mexico, and thereafter in 1917, the exact date not being shown, he was sent to France in the United States Army, and while in France, serving in the Army of the United States, on June 24, 1918, he was killed in action fighting with the Marine Corps in France.

"I find that in February, 1917, while he was in the army, stationed in camp in South Carolina, Ben F. Turner wrote his mother, Mary E. Turner, plaintiff in this cause, stating to her in substance that he might never return home, and for her sake to take as much insurance on his life as possible; that at said time Mary E. Turner and several of her other children had policies of life insurance with the defendant American National Insurance Company, payable in weekly installments. When she received the above letter from her son, she read the same to E. W. Long, soliciting agent in Waco for the defendant insurance company, and asked the said Long how much insurance she could get on the life of her son, Ben F. Turner, and she was informed that, as he was in the army and could not sign the application personally, the company would write him only $86, and that she, Mary E. Turner, could sign the application for Ben, and that the premium would be 10 cents a week, and that thereupon Mary E. Turner made application for $86 of life insurance on the life of Ben F. Turner, payable to her, as his mother, the application being dated March 3, 1917, and stating that Ben F. Turner was in good health, 20 years of age, and was by application a clerk, and was in the usual form prescribed for applications for insurance.

"I find that, after the above application was made, on March 19, 1917, the defendant, American National Insurance Company, issued a policy on the life of Ben F. Turner, payable to his mother, Mary E. Turner, plaintiff in this suit, in the sum of $86, with the premium to be paid of 10 cents per week; that the policy had written in it as one of the agreements and conditions of the policy the following: 'The insured may serve in the Navy and Army of the United States, or in the State Militia in time of peace, or for the purpose of maintaining order in case of riot; in time of actual war, however, a written permit must be obtained from the company for such services and an extra premium paid. Should the insured die from services in actual war, without such permit, the company's liability will be restricted to the net reserve on this policy, computed according to the legal standard of the

state of Texas.' I further find that Mary E. Turner accepted said policy with this provision in it prior to the time that the United States declared war on Germany.

"I find that after the policy above was issued that the premium of 10 cents weekly was paid promptly up to and including July 15, 1918, and that the district superintendent, W. G. Russell, and the assistant district superintendent, M. Coates, who were in charge of the office of defendant in Waco, McLennan county, Tex., knew that Ben F. Turner, the insured, was in the army, and no additional premium was ever asked or demanded from the insured or from Mary E. Turner, who was at all times paying the premium on the insurance policy of her son, Ben F. Turner. I further find that no written permit was obtained nor additional premium paid, and no request made for permit by plaintiff or insured.

"I find that on October 17, 1918, Alva Bryan, attorney for Mary E. Turner, made a written demand upon the defendant, American National Insurance Company, for the full face of said policy, to wit, $86; that said demand was made over 60 days before this suit was filed, and that the defendant failed and refused to pay said policy; and that thereafter this suit was instituted in the justice court of McLennan county, Tex., on the 10th day of April, 1919, for the full face of said policy, $86, and 12 per cent. penalties, interest, and $75 attorney fees.

"I find that the amount due under the policy in the net reserve, computed according to the legal standard of the state of Texas, to be $3.60 at the time of the death of the insured, Ben F. Turner, on June 24, 1918.

"I find that before the institution of this suit the proofs of death were duly filed by Mary E. Turner, the beneficiary, as required by said insurance policy.

"I find that the reasonable attorney's fees of the plaintiff in this case is $75.

"I find that the plaintiff recovered judgment in the justice court for the full face of the policy, $86, with 12 per cent. interest and $25 attorney's fees, a total of $124.12.

"I find that plaintiff is entitled to $3.60 on policy sued on, and $75 attorney's fees, a total of $78.60."

### Opinion.

The only question presented to this court by appellant is the right of appellee to recover anything as attorney's fees. Counsel for appellant make the contention that where a beneficiary under an insurance policy makes a demand for the face value of the policy, which is larger than the amount due, and recovers a less amount, as was done in this case, the insurance company is not liable for attorney's fees.

[1] It is well settled in this state, as a general rule, that a litigant is not liable to his adversary for any sum expended by the latter as attorney's fees. The Legislature has seen proper to make a few exceptions to that rule of law, and article 4746 of the Revised Statutes, which is relied upon by appellee in support of the judgment in in this case, reads as follows:

"In all cases where a *loss* occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable *therefor* shall fail to pay *the same* within thirty days after *demand therefor*, such company shall be liable to pay the holder of such policy, in *addition to the amount* of the loss, 12 per cent. damages on the amount of such loss, together with a reasonable attorney fees for the prosecution and collection *of such loss.*" (Italics ours.)

The only cases in point, cited by counsel on either side, are those cited by appellant, and are Pacific Mutual Ins. Co. v. Carter, 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; Industrial Mutual Ins. Co. v. Armstrong, 93 Ark. 84, 124 S. W. 236; and Union Terminal Co. v. Turner Construction Co., 247 Fed. 727, 159 C. C. A. 585; Fidelity Ins. Co. v. Ins. Co., 117 Ark. 71, 174 S. W. 218. The first two cases were decided by the Supreme Court of Arkansas, and the third case was decided by a United States Circuit Court of Appeals, the opinion being written by Mr. Justice Batts; and they all sustain appellant's contention.

In the first case cited, the Supreme Court of Arkansas, after sustaining the validity of the statute, said:

"But the act makes the company liable for failure to pay the loss 'after demand made therefor.' The statute thus contemplates that there shall be a demand. A recovery, for penalty and attorney's fee, cannot be had when complainant makes demand for more than he is entitled to recover. It could never have been the purpose of the Legislature to make the insurance companies pay a penalty and attorney's fee for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount, he is in the wrong. The penalty and attorney's fee is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it."

[2] The other cases cited follow and uphold the ruling made in that case. We think these cases announce a correct rule, and, applying that rule to this case, we hold that appellee was not entitled to recover an attorney's fee.

Counsel for appellee not only deny the correctness of the foregoing decisions, but make the contention, under a cross-assignment presented by them, that inasmuch as the insurance company knew that Ben F. Turner, the insured, was still serving in the army and continued to receive from Mrs. Turner, the beneficiary, premiums upon the policy, they are estopped to deny liability according to the face of the policy. In support of that contention, they cite decisions to the effect that, when a policy stipulates

that the doing or failure to do something by the assured shall render the policy void, the insurance company will be deemed to have waived such ground of forfeiture, if, after knowing of the facts, it continues to treat it as in force by the acceptance of premiums thereon.

[3, 4] We do not think this case is analogous to the line of authorities referred to. The policy here involved does not stipulate that service in the army by the insured after war begins and without a written permit shall render the policy void, but merely stipulates, if such permit is not obtained and an additional premium paid, the company's liability will be restricted to the net reserve on the policy. Such being the terms of the policy, the company had no right to declare it forfeited; and the assured or the beneficiary under the policy had the right to continue payment of the premiums stipulated therein, and preserve the life of the policy with the restriction referred to. In fact, the restriction or limitation referred to did not restrict the liability of the company, unless the assured died from service in actual war. If he had died from any cause other than the fact that he was serving in actual war, the company would have been liable for the face of the policy. Hence we overrule appellee's cross-assignment, and, as we sustain appellant's assignment, the judgment of the trial court, awarding to appellee $75 attorney's fee, is reversed and judgment here rendered for appellant upon that issue; in other respects the judgment of that court is affirmed. Costs of the appeal are taxed against appellee.

Affirmed in part, and in part reversed and rendered.