INTERSTATE BUSINESS MEN'S ACCIDENT ASSOCIATION
v. SANDERSON.

Opinion delivered April 11, 1921.

1. APPEAL AND ERROR—HARMLESS ERROR.—The erroneous admission in evidence of a check, objected to as being in the nature of a compromise, was harmless where it was apparent that the check was intended to cover an amount admitted to be due, and that the jury could not have accepted it as an admission of liability for a greater amount.

2. INSURANCE—RECOVERY ON POLICY—ATTORNEY'S FEE.—Insured, suing on a health policy, was not entitled to the statutory penalty and attorney's fee on recovering an amount less than sued for.

Appeal from Miller Circuit Court; *George R. Haynie*, Judge; reversed in part.

*Robert M. Haines,* of DesMoines, Iowa, and *Arnold & Arnold,* for appellant.

1. The verdict of the jury is contrary to the law and the evidence. The law of this case is settled by the former appeal. 222 S. W. 51. The evidence is not substantially the same and is not sufficient to sustain the verdict. Appellee Sanderson was not compelled to remain continuously and strictly within the house within the meaning of the policy from July 5, 1918, to January 1, 1919, and admits liability for $175. This case is not inconsistent with the law in 99 Me. 390; 59 Atl. 535.

A stipulation in a policy that there can be no recovery except during continuous confinement to the house is reasonable and valid where the rate of premium

is based on the unlikelihood of such confinement. 110 N. E. Rep. 972. The policy calls for no indemnity for partial disability; there must be a total disability.

2. The court erred in giving instruction No. 3 for appellee and in refusing No. 4 for appellant and in admitting testimony as to the compromise. 85 Ark. 337.

3. It was error to render judgment for the penalty and attorney's fees. 92 Ark. 378; 93 *Id.* 84. Also in the amount of the attorney's fees. Acts 1905, c 115; 88 Ark. 550.

*M. E. Sanderson,* for appellee.

1. The question of law was settled on the former appeal. There is no error in the instructions, and the verdict is supported by the evidence.

2. The penalty and attorney's fees properly allowed. 92 Ark. 378 is not in point. 17 A. & E., p. 809.

McCULLOCH, C. J. The facts in this case are fully recited in the opinion of this court on a former appeal (*Interstate Business Men's Acc. Assn.* v. *Sanderson,* 144 Ark. 271, 222 S. W. 51). The evidence adduced at the two trials is not materially different. It is an action to recover on an insurance policy "against loss of time by disease not due to accidental injury." There are two clauses in the policy, one provides insurance in case of disability at $50 per week for not exceeding twenty-nine weeks "in the event that the disease shall compel the insured to remain continuously and strictly within the house for a period of exceeding two full weeks and be under the constant treatment of a regular physician;" the other clause provides insurance of $15 for the first week and $20 per week for eight succeeding weeks "in the event the disease shall compel the insured to refrain from performing every act of business and be under the constant treatment of a regular physician." Appellee sued for the maximum amount. allowed under the second clause of the policy ($175) and for the sum of $1,250, being for twenty-five weeks under the first clause of the policy. There was a recovery for the full amount.

The principal contention on the present appeal is that the evidence is not sufficient to warrant the recovery under the first clause, in that it does not show that appellant was confined within the house as specified in the policy. We decided on the former appeal that the evidence was legally sufficient to warrant a submission of the issue to the jury, and, as before stated, the evidence is not materially different as adduced in the two separate trials. Appellant admitted liability for the maximum amount under the second clause of the policy, but the admission was based upon appellee's illness after he went to Texas. This is the same period which appellee claims confinement within the house, and for which the jury allowed the full amount sued for under the confinement clause of the policy.

On the last trial of the cause the jury also allowed the maximum amount recoverable under the second or nonconfinement clause, and it is now insisted that the testimony is not legally sufficient to support the finding that appellee was compelled by illness "to refrain from performing every act of business" prior to the time he went to Texas. Of course, appellee could not recover under the two separate clauses for the same period of time, as it is obvious from the language of the policy that liability under the two clauses should not cover the same period. After a careful consideration, we have reached the conclusion that appellant is correct in its contention that the evidence is not sufficient to show that appellee's disease compelled him to refrain from performing every act of business. The evidence shows that he was seriously ill during the period mentioned before he went to Texas, but that he went to his place of business nearly every day and remained there nearly the whole of the business hours and performed the usual duties of his occupation. It is true that this was done under adverse circumstances, as appellee was seriously ill at the time. But the evidence establishes the fact beyond question that appellee's disability at that time was partial and

not total, and the policy does not insure against partial disability.

Error of the court is assigned in permitting appellee to testify concerning the tender to him by appellant of a check drawn for the sum of $200 in payment of the claim. The ground of objection is that the check was sent in the nature of a compromise, and for that reason, under well settled rules of evidence, the testimony was incompetent. We are of the opinion that the testimony was not competent, but we think it was not prejudicial under the peculiar circumstances of this trial. Appellant in the pleadings admitted liability in the sum of $175 under the second clause of the policy for appellee's illness during the period of his stay in Texas. After the proof was sent in, appellant mailed a check to appellee for $200, accompanied by a letter which failed to say anything about a compromise. Other writing introduced in evidence shows that the check was made out for $200 through mistake, as it was intended only to cover the maximum under that clause of the policy, but the mistake of making the check for $200 instead of $175 arose by reason of the fact that appellee held another policy under which the maximum was two hundred dollars. It is clear, therefore, from an inspection of all the papers introduced that appellant did not offer the $200 as a payment in part of an amount in excess of the maximum amount allowable under the nonconfinment clause, and that the jury could not have accepted this as an admission of liability for a greater amount than the maximum under the nonconfinement clause. The error of the court in allowing this testimony was therefore not prejudicial.

The objection now urged against instruction number three given by the court at the instance of appellee should have been specifically pointed out at the time the instruction was offered, but it appears that there was only a general objection, which is insufficient to raise the question now presented.

It follows that the judgment must be affirmed as to the amount of $1,250 recovered under the first clause of

the policy, but the judgment for the additional amount of $175 under the second clause must be reversed, and, as the testimony is fully developed, it is necessary to remand for a new trial. This reduction of the judgment in favor of the appellee is less than he sued for, and he is therefore not entitled to recover the penalty and attorney's fee, and the judgment for penalty and attorney's fee is also reversed.