NATIONAL FIRE INSURANCE COMPANY *v.* KIGHT.

Opinion delivered March 14, 1932.

*Verne McMillen*, for appellant.

*John L. McClellan*, for appellee.

McHANEY, J. The only question presented for determination in this case is the liability of appellant for the payment of the statutory damages and attorney's fee under § 6155, Crawford & Moses' Digest. The statute provides: "In all cases where loss occurs and the fire, life, health or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve per cent. damages upon the amount of such loss, together with all reasonable attorney's fee. * * *"

There is no dispute in the facts. The case was submitted on an agreed statement of facts, substantially as follows: Appellee's building was insured by appellant in the sum of $3,000, and sustained a partial loss by fire while the policy was in full force and effect. Appellant did not deny liability, but admitted same, and agreed to pay whatever sum was necessary up to its liability to restore the building in good condition. The disagreement arose over the amount necessary to restore the building in as good condition as before the fire. Appellee in apt time made proof of loss in which he claimed damages to the building in the full amount of the policy $3,000. Appellant secured three estimates of reputable contractors in which they offered to restore the building for from approximately $2,100 to approximately $3,250. Appellee secured estimates from contractors ranging from $3,200 to $3,800. The parties were unable to agree on an amount within sixty days after proof of loss, but appellant offered to pay appellee $2,122.36, which appel-

lee refused, and made a counter offer to accept $2,800 in settlement of the loss which appellant declined to pay. Counsel for appellee wrote a letter to appellant's adjuster under date of May 23, 1931, rejecting appellant's offer, in which he said: "I have gone into and carefully considered all these estimates, made further investigation and have concluded the loss is practically equal to the face of the policy, but have recommended to Mr. Kight, and he has agreed to accept rather than delay settlement any longer, $2,800. * * * He will not accept less, and, if your company will not accept on this basis, there is no prospect of amicable settlement." Under date of June 1, 1931, appellant's adjuster replied, refusing to pay the demand for $2,800, in which he said that he was not in position to exceed the estimates of two of the contractors and concluded by stating: "You may therefore take whatever action you deem advisable." Thereafter appellee filed suit for $2,675. Appellant answered admitting its liability for $2,675, together with interest from May 12, 1931, the date of the proof of loss, but denied that appellee was entitled to recover 12 per cent. damages or an attorney's fee. At the same time it paid into the registry of the court the sum demanded, together with interest and costs to that date, in full of its liability under the policy and prayed to be dismissed. The court found against appellant, and rendered judgment against it in the sum of $321 damages, being 12 per cent. of $2,675, and $250 attorney's fee. This appeal is from that judgment.

We think the court erred in so holding. Appellee first demanded the full amount of the policy, $3,000. Later it reduced this amount and demanded $2,800, and in this demand he stated that he would not accept less. Appellant did not deny its liability in a sum sufficient to restore the building to its former condition, and the only difference between them was the amount necessary for this purpose. Appellee for the first time demanded a less amount than $2,800 when it filed its complaint seek-

ing to recover $2,675 with interest, 12 per cent. damages and a reasonable attorney's fee. Thereupon appellant promptly paid the amount of the demand with interest and the accrued costs. This court has several times held that the above statute providing for 12 per cent. damages and a reasonable attorney's fee is highly penal and should be strictly construed, and that it should not be held to apply except in cases which come clearly within the statute. Home Life Ins. Co. v. Stancell, 94 Ark. 578, 127 S. W. 966, and National Union Life Ins. Co. v. Crabtree, 151 Ark. 561, 237 S. W. 97.

We have many times held that the above statute has no application where an excessive demand is made upon the insurance company, and that there can be no recovery for damages and attorney's fee where the judgment is for less than the demand. Pacific Mutual Life Ins. Co. v. Carter, 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; Industrial Mutual Indemnity Co. v. Armstrong, 93 Ark. 84, 124 S. W. 236; Interstate Business Men's Accident Assn. v. Sanderson, 148 Ark. 195, 229 S. W. 714; Illinois Bankers Life Ins. Co. v. Mann, 158 Ark. 425, 250 S. W. 887; American Alliance Ins. Co. v. Paul, 173 Ark. 960, 294 S. W. 58; Mutual Relief Assn. v. Poindexter, 178 Ark. 205, 10 S. W. (2d) 17; Lincoln Reserve Life Ins. Co. v. Jones, 178 Ark. 466, 10 S. W. (2d) 910.

In Queen of Arkansas Ins. Co. v. Milham, 102 Ark. 675, 145 S. W. 545, the appellant claimed that the appellee was indebted to it on a premium note of $12, and appellee conceded that that amount should be deducted from the amount sued for in the original complaint. In response to appellant's contention that it was not liable under the statute for the penalty and attorney's fee, this court said: "If appellant wished to avoid the penalty and attorney's fee provided for in the statute, it should have offered to confess judgment for that amount, and thus have ended the suit. It did not do so, but elected to go on and contest the claim of the appellee on other grounds, and thereby became liable for the penalty and

the attorney's fee provided for in the statute when appellee recovered the amount sued for."

In *Life & Casualty Co.* v. *Sanders,* 173 Ark. 362, 292 S. W. 657, we held that the plaintiff could reduce his demand by amendment to the complaint after the trial had started and still recover the penalty and attorney's fee. We there said: "If, instead of proceeding with the trial of the case and denying any liability whatever on the grounds here urged, it had either offered to pay the reduced amount, or had asked to be given the time in which to pay same as provided in the policies, appellee could not have recovered the penalty and attorney's fee, and, in addition, would have been required to pay all costs, for the reason that he demanded a sum greater than he was entitled to under the policy." These cases settle the principle here involved. Appellee demanded a sum of appellant greater than he was entitled to receive. When he made a demand for the correct amount, appellant promptly paid it and cannot therefore be liable for the damages and fees provided for in the statute because he has not brought himself within its provisions.

The judgment of the circuit court will be reversed. and the cause dismissed.

KIRBY, J., dissents.