UNITED FIDELITY LIFE INSURANCE COMPANY *v.* DEMPSEY.

4-4436

Opinion delivered November 23, 1936.

*Strait & Strait,* for appellant.

*Opie Rogers,* for appellee.

McHANEY, J. Appellee holds a policy of life insurance for $1,000 issued by appellant. The policy contains a disability clause, providing, in case of total and permanent disability, for the waiver of premiums thereafter falling due and for payment to appellee of $10 per month during such disability. He became disabled in 1933, proof was made, accepted, and premiums were waived and payments made up to and including September 1, 1935. On September 28, 1935, appellant wrote appellee the following letter: "This is to advise that disability payments under the above-numbered policy have been discontinued. This is due to the fact we have information that you are now gainfully occupied.

"You may continue the policy in force, if you so desire, by payment of the following indebtedness now outstanding against the policy:

"Balance premium note (given in connection
with premium due November 17, 1933)............$29.73
"Interest on note to September 27, 1935............  3.16
"Automatic premium loan.............................................  6.70

"Total indebtedness..............................................$39.59,

and by payment of the regular premium thereafter, the next being due August 17, 1936.

"We sincerely trust that these payments during your disability have been helpful to you."

Appellee's attorney replied to this letter under date of October 11, as follows: "Mr. Dempsey showed me your letter saying you would not pay the $10 monthly payment on this policy further, because he was gainfully employed.

"He tells me that he has never had any employment at all, except a little relief work and this does not amount to a gainful employment at all, it is in the nature of Government relief and negatives gainful employment in my judgment.

"Please advise me if you have definitely determined to discontinue the payments of this benefit. Do you ask or require further proof?

"I shall be pleased to have your prompt attention to this matter."

To which letter appellant replied on October 15, as follows: "We have your letter of October 11 with respect to our policy on Mr. Jesse F. Dempsey, from which it appears that our notice to Mr. Dempsey a few days ago was not entirely clear as to the termination of his disability payments under this policy.

"The policy provides that the disability payments shall terminate when the insured recovers so as to be able to resume gainful employment and the termination is not contingent upon his ability to secure such employment, as suggested in your letter. Our previous notice was based upon the fact that he is now able to resume work and not his actual employment."

Thereafter, on November 13, 1935, appellee filed suit against appellant claiming a repudiation of the policy based on this correspondence and prayed damages in an

amount equal to the present value of an annuity of $120 per year for the period of his expectancy, totaling $2,294.93. Appellant defended on the ground that it had not breached or repudiated the contract and that appellee was not disabled within the meaning of the policy. Trial resulted in a verdict and judgment for appellee for $2,200. This appeal followed.

We think the court correctly submitted to the jury the question as to whether appellee was totally and permanently disabled within the meaning of the policy at the time of trial, and the jury's verdict finding him so disabled is binding here. Indeed there is little if any dispute in the evidence as to his disability. But we are of the opinion that the court erred in submitting to the jury the question of a breach or renunciation of the policy, for according to the undisputed facts as reflected by the correspondence above quoted, there was no repudiation of the contract. The most that can be said of it is that appellant reached the conclusion that appellee was no longer totally and permanently disabled, and if it were correct, it had the right under the policy to decline to make further monthly payments. As we said in the recent case of *Metropolitan Life Ins. Co.* v. *McNeil,* 192 Ark. 978, 96 S. W. (2d) 476, "We have never held that mere denial of liability under contracts of indemnity, unaccompanied by other attending facts and circumstances indicating abandonment, constitutes a renunciation of such contracts by the insurer." Continuing, in the same case, the court said: "In the more recent case of *Jefferson Standard Life Ins. Co.* v. *Slaughter,* 190 Ark. 402, 79 S. W. (2d) 58, we reviewed our former opinions on this question, and there stated the applicable rule to be that a mere denial of liability based upon resumption of activities by the insured did not constitute an abandonment or renunciation of the contract of indemnity by the insurer.

"Irrespective of our former opinions on the question, however, the last case cited brings us within the rule adhered to by the great weight of American authority; and uniformity of opinion on such an important question is more desirable than a too strict adherence

to individual views. See *New York Life Ins. Co.* v. *Viglas*, 297 U. S. 672, 56 S. Ct. 615, 80 L. Ed. 971 and cases there cited.''

This case is ruled by that, and the court erred in not limiting recovery to the installments which had accrued to the date of trial with interest. The trial occurred on February 28, 1936, and at that time, there were five monthly installments delinquent. Judgment will be entered here for $50 with interest at 6 per cent. on each $10 delinquency from the date it was due to the date of trial, and thereafter on the whole amount until paid. Costs will be adjudged against appellee.