THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.*
HOLDER.

4-4634

Opinion delivered May 31, 1937.

*Frederick L. Allen, J. Ford Smith* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Ross Mathis* and *W. J. Dungan,* for appellee.

SMITH, J. The appellant insurance company issued to appellee on April 22, 1922, a life insurance policy carrying an annual premium of $19.14. In the same policy, in consideration of an additional annual premium of $6.42, provision was màde for. the payment of monthly disability benefits provided the ˙disability occurred before the insured had attained the age of sixty years. In April, 1934, appellee made proof of total disability—a fact conceded to be true. The proof furnished in this connection showed that the disability occurred before the insured had attained the age of sixty years and appellant began making the monthly payments of disability benefits.

The routine investigation made in such cases convinced appellant that appellee did not become disabled until after she had attained age sixty. The policy pro-

vided that in the case of total disability, all premiums would be waived during the continuance of the disability. The application for the policy gave the age of applicant at 47 and contemplated only twelve payments of disability premiums of $6.42 each and the policy issued conformed to this application. No disability premiums were required after insured became sixty for the reason that no benefits were payable for disability accruing after she had attained that age. In response to the question as to the date of her birth in the application, it was answered: "Day, 14. Month, September. Year, 1874. Age last birthday, 47."

The investigation conducted by appellant led to the conclusion that appellee was born in 1872, and not in 1874 as stated, and, if this were true, she was more than sixty years old when her disability occurred and was not, therefore, entitled to the disability benefits.

Appellee was notified that payment of disability benefits would be discontinued and that payment of the premium on the life policy would be required to continue it in force. That payment was made by appellee, but under protest. She thereupon brought this suit to recover the present value of the disability benefits for the remainder of her life expectancy, and from a judgment awarding that recovery is this appeal.

There was abundant and very convincing testimony to the effect that appellee was born in 1872 and not in 1874, but this testimony is not undisputed; nor can the finding of the jury that appellee was born in 1874 be said to be without testimony legally sufficient to support that finding. Her own testimony was to that effect as was also the testimony of two ladies, friends of appellee's girlhood. These ladies gave their own ages. One stated that she was two years older than appellee, the other that she was one year younger, and both stated they had known the respective ages since early childhood.

The verdict of the jury is, therefore, conclusive of the fact that appellee became disabled before attaining the age of sixty years and it is admitted that the disability is total and permanent.

The most important and difficult question in the case is whether there has been such a repudiation of the contract as to sustain the judgment pronounced upon the theory and finding that appellant had renounced and repudiated the disability insurance contract.

We have had numerous decisions, which have not been entirely harmonious, upon the right to recover for the anticipatory breach of contracts of this character. The question has usually arisen where the fact of disability was denied. One of the latest of these is that of *United Fidelity Life Insurance Company* v. *Dempsey,* 193 Ark. 204, 98 S. W. (2d) 943, in which we quoted and reaffirmed the following statement appearing in the case of *Metropolitan Life Insurance Company* v. *McNeil,* 192 Ark. 978, 96 S. W. (2d) 476, ''We have never held that mere denial of liability under contracts of indemnity, unaccompanied by other attending facts and circumstances indicating abandonment, constitutes a renunciation of such contracts by the insurer.'' In the McNeil case, *supra,* we also reaffirmed the holding appearing in the case of *Jefferson Standard Life Insurance Company* v. *Slaughter,* 190 Ark. 402, 79 S. W. (2d) 58, which stated the applicable rule to be, ''* * * that a mere denial of liability based upon resumption of activities by the insured did not constitute an abandonment or renunciation of the contract of indemnity by the insurer.''

It is not, therefore, a repudiation of the contract when the insurer admits liability, in case of disability, but denies only that the disability exists. It is attempted, however, to distinguish this case from the cases cited. The insistence is that there has been a repudiation of the contract here sued on, for the reason that if appellee does not have a present cause of action she can never have such right; that she was admittedly near sixty when her disability accrued, and she is now beyond that age, and under the express provisions of the contract she cannot recover disability benefits unless she became disabled before attaining the age of sixty, and that, therefore, the denial of this recovery is to repudiate the contract.

We have concluded, however, that there is no valid distinction between the instant case and the cases above cited. Appellant does not deny liability under the contract if appellee became disabled before attaining the age of sixty years. Its insistence is that appellee did not become disabled until after she had passed that age. Appellant began making disability payments when proof of disability was furnished, and continued to make them until the investigation, above referred to, was made, and apparently disclosed that appellee was more than sixty years of age at the time she claimed her disability began. Among other circumstances inducing this conclusion was the entry of the date of appellee's birth in a Bible belonging to a member of appellee's family, and her age as given in the application for the license under which she was married. These dates were explained to be erroneous in testimony which will not be reviewed, but which made a question of fact which was submitted to and has been passed upon by the jury. But there is nothing in the testimony to show that the insurer was not acting in entire good faith when it took the position, not that there was no contract, but, rather, that the conditions insured against had not arisen. It was said, in the case of *New York Life Ins. Co.* v. *Viglas,* 297 U. S. 672, 56 S. Ct. 615, 80 L. Ed. 971, cited in the McNeil case, *supra,* (which involved the question whether a contract for disability insurance, which was said to have been repudiated because disability was denied, that "it does not make a showing of a breach so willful and material as to make acceleration of future benefits essential to the attainment of present reparation.")

The judgment for the present value of the benefits which would have accrued during the remainder of appellee's life expectancy will be reversed, and judgment will be rendered for the benefits which had accrued to the date of trial, with interest on each delinquency from date due until date of trial, with the right to recover subsequent installments during the continuance of the disability. *United Fidelity Life Insurance Co.* v. *Dempsey,* 193 Ark. 204, 98 S. W. (2d) 943. The cause will be re-

manded with directions to enter a judgment in accordance with this opinion.