ODELL SMITH ET AL v. WILLIAM A. BEALL

5-5036                                    451 S. W. 2d 195

Opinion delivered March 9, 1970

*Theodore L. Lamb* and *H. Clay Robinson,* for appellant.

*Herrod & Cole,* for appellee.

DALE L. BUMPERS, Special Justice. This cause was submitted to the lower court without a jury on a number of agreed Stipulations and Exhibits. The essential facts were that the Appellee, William A. Beall, had been a member of the Teamsters Union since 1941, and was covered under a Pension Plan operated by Appellants. On February 1, 1964, the Pension Plan was amended to provide for disability payments of $100.00 per month to any employee member who thereafter became totally and permanently disabled.

Both parties agree that if Appellee became totally and permanently disabled after February 1, 1964, he is entitled to the disability benefits under the Plan, but that if he became totally and permanently disabled prior to February 1, 1964, he is not so entitled.

On September 9, 1963, Appellee became dizzy, blacked out and was carried to the doctor's office. On September 12, 1963, Dr. John Adametz, a Little Rock Neurosurgeon, performed a Pallidotomy on the right side of his brain. He was discharged on September 19, 1963. He re-entered the hospital on January 15, 1964, and on January 16, 1964, a Pallidotomy was performed on the left side of his brain. He was discharged from the hospital on January 24, 1964.

On September 9, 1964, Dr. Adametz filled out an attending physician's report for Appellants and answered a question as follows:

"When in your opinion may claimant be expected to do any kind of work?

Total and permanent disability since 6-64."

Exhibit No. 6 to the Stipulations is a statement from Dr. Adametz as follows:

"December 8, 1965

TO WHOM IT MAY CONCERN:

Re: William A. Beall

This is to verify that the above named patient was declared totally and permanently disabled by me for the first time on September 9, 1964. This was in a report to the Central States Pension Fund Insurance Company on that date.

At no time have I ever declared Mr. Beall totally and permanently disabled to the Social Security Board. My only report to them concerning this patient was dated March 31, 1964, at which time I indicated that I expected a slow improvement in his condition following his surgery, a Pallidotomy for his Parkinson's disease.

Very truly yours,

John H. Adametz, M.D."

On June 2, 1964, Appellee was awarded Social Security, effective as of April, 1964.

Stipulation No. 8 was as follows:

"8. Parties hereto agree and stipulate that if the plaintiff is entitled to recover upon his amended complaint and based on Ark. Stats. 50-705 that he has a life expectancy of 29 years and that as so stated in the booklet he is entitled to $100.00 per month for life that he would be entitled to a judgment of $34,200.00, plus 12% penalty and attorney fees according to Ark. Stats. 66-3238."

Stipulation No. 9 between the parties stated:

"It is further stipulated and agreed that if plaintiff, William A. Beall, was brought to the stand to testify that his testimony would reveal that on the 9th day of September, 1963, he became dizzy,

blacked-out and was carried to the doctor's office and after that date he has not been gainfully employed by Jones Truck Lines or any other employer."

The lower court found that Appellee became totally and permanently disabled after February 1, 1964, was therefore covered under the Pension Plan, and rendered judgment in favor of Appellee for (1) $4,900.00, representing the number of payments at $100.00 per month Appellee was entitled to as of the date of judgment, "plus 5% additional sums" of $245.00, (2) 12% penalty of $617.40, (3) $16,912.80, which is $29,300.00 reduced to its present value based on a 25 year life expectancy and a 5% investment, (4) 12% penalty on $16,912.80, amounting to $2,029.54, and (5) an attorney fee of $3,000.00. Appellants appeal from the adverse judgment and Appellee cross-appeals from that part of the judgment reducing the $29,300.00 to its present value. The record does not resolve the discrepancy in Appellee's life expectancy, set at 29 years in the Stipulation, and 25 years in the judgment.

For reversal, Appellant argues that since Appellee was confined to his home from September 10, 1963, and never returned to work, that he was totally and permanently disabled as of that date, and since that date is prior to February 1, 1964, Appellee is not covered under the Plan.

The argument is persuasive, but the record does not corroborate the argument. On the contrary, the record indicates that Appellee became totally and permanently disabled September, 1964. The fact that Appellee was confined to his home from September, 1963, and did not return to work after this date is not conclusive evidence of Appellee's total and permanent disability as of that date. The record does not reflect that Appellee was both totally and permanently disabled prior to June, 1964. Dr. Adametz apparently told the Social Security Board on March 31, 1964, that he expected Appellee's condition to slowly improve.

The Pension Plan defined total and permanent disability as follows:

"Disability shall be deemed to be total and permanent whenever the employee is totally disabled by bodily injury or disease and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation and performing any work for wage or profit. . . ."

The attending physician is certainly in the most knowledgeable position to determine when the Appellee was both totally and permanently disabled. If we concede that Appellee was totally disabled from September, 1963, when he was first confined to his home, the evidence still justifies the lower court's finding that he was not permanently disabled until June or September, 1964. By the terms of the policy, both conditions must be met.

Appellant cites cases where we have held that the existence of disability fixes liability and not the proof thereof. *Missouri State Life Insurance Company* v. *Case,* 189 Ark. 223, 71 S. W. 2d 199, *Aetna Life Insurance Company* v. *Davis,* 187 Ark. 398, 60 S. W. 2d 912. Nevertheless, there is substantial evidence to uphold the lower court's finding that total and permanent disability occurred after February 1, 1964, and the holding should therefore not be disturbed. *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322, *Hurst* v. *Flippin School District No. 26,* 228 Ark. 1151, 312 S. W. 2d 915.

We are unable to find any law or reason for the lower Court's award of $255.00, representing "5% additional sums" on the award of $4,900.00. The judgment must therefore be modified to eliminate this item.

The Appellant's contention that Appellee is not entitled to a penalty and reasonable attorney fee because the judgment, as reduced, was not the precise amount sued for, is without merit. The judgment was for the

exact amount stiuplated between the parties, and was reduced to present value as a matter of law. This reduction would not preclude an award of a reasonable fee. The stipulation was an agreement between the parties agreeing on the amount plaintiff was entitled to receive, if the Court found plaintiff's disability to be covered under the plan. We can see no distinction between a stipulation between parties agreeing to the amount the plaintiff is entitled to receive, if anything, and an amendment to conform to the proof after all the proof has been adduced. In the latter instance, we have held that a penalty and attorney fee should be allowed. *Old American Life Insurance Company* v. *McKenzie*, 240 Ark. 984, 403 S. W. (2d) 94.

Had appellant confessed judgment to a lesser amount than sued for, then the penalty and attorney fee would not be allowed. *Armco Steel Corp.* v. *Ford Const. Co.*, 237 Ark. 272, 372 S. W. (2d) 630. However, appellant agreed to the amount appellee should receive if covered but denied the coverage.

Ark. Stats. Ann. 66-3238 & 66-3239 are penal and must be strictly construed. *State Farm Mut. Automobile Ins. Co.* v. *Pennington*, 215 Fed. Supp. 784. But we are not willing to say that the reduction of future loss to present value constitutes a failure to obtain judgment for the full amount, where the full amount is agreed to between the parties.

The Appellee strongly argues that the lower court erred in reducing judgment for future payments to their present value. Stipulation No. 8 was a stipulation as to the total amount Appellee was entitled to receive if the lower court found that he was covered under the plan. This amount included future payments. The court's judgment is based on the stipulation. However, a stipulation of fact cannot change the law, and as a matter of law, recovery of future payments must be reduced to their present value, based on life expectancy. *Metropolitan Life Insurance Co.* v. *Harper*, 189 Ark. 170, 70 S. W. (2d) 1042.

The Appellee has requested an additional attorney fee for services rendered in this appeal and we believe he should be, and is hereby, awarded an additional fee of $2,000.00.

Affirmed as modified on direct appeal and affirmed as to the cross-appeal.

BYRD, J., disqualified.

FOGLEMAN, J., concurs in part and dissents in part.

JOHN A. FOGLEMAN, Justice, concurring in part and dissenting in part. I concur in the affirmance, but not the modification of the judgment. The 5% "additional sums" were allowed by the court on $4,900 representing 49 payments at $100 per month to which appellants had become entitled as of the date of the judgment. Appellants say that appellee was not entitled to this $245 in interest. They argue simply that there is no basis in law or fact for this allowance. Yet appellee was entitled to interest on each payment from the date it became due. *United Fidelity Life Insurance Co.* v. *Dempsey,* 193 Ark. 204, 98 S. W. 2d 943; *Mutual Life of New York* v. *Holder,* 194 Ark. 128, 105 S. W. 2d 865. The first installment was due December 1, 1964. The judgment was entered on January 7, 1969. Interest on the first installment at 6% per annum would have amounted to $24.62. Each succeeding installment would have borne interest in an amount decreasing at the rate of $0.50 each. It can clearly be seen that the amount of interest to which appellee was entitled far exceeded the $245 allowed. The fact that the trial court gave the wrong reason for this allowance does not make the judgment erroneous. I would affirm the judgment.