MFA MUTUAL INS. CO. *v.* Wesley C. PEARROW

5-5391                                          459 S. W. 2d 798

Opinion delivered November 23, 1970

*Pollard, Bethune & Cavaneau,* for appellant.

*Lightle & Tedder,* for appellee.

Frank Holt, Justice. This appeal results from the imposition of a statutory penalty and an attorney's fee. The appellant issued its fire insurance policy to the appellee. Thereafter appellee's dwelling and household contents were destroyed by fire. Appellant denied liability on the assertion of arson and also contested the amount claimed as damages to the household contents. On the first appeal [*MFA Mutual Ins. Co. v. Wesley C. Pearrow,* 245 Ark. 795, 434 S. W. 2d 269 (1968)] we reversed, holding that a directed verdict for the appellee on the issue of arson was error since there was sufficient evidence for a jury question. Before a retrial, the appellee amended his complaint by subdividing it into two separate counts. Count I sought recovery for $4,000 for destruction of the dwelling, plus attorney's fee and penalty; Count II sought recovery for $1,500 for loss of

the household contents, plus attorney's fee and penalty. A jury awarded the $4,000 sought for loss of the dwelling and reduced the $1,500 claim to $250 for the household goods. The court, on Count I, then assessed a 12% penalty on the $4,000 recovery and an attorney's fee of $1,000. On appeal the appellant asserts that the court erred in allowing an attorney's fee and the statutory penalty because the jury award was less than the total amount ($5,500) sought by the appellee. We must agree with the appellant.

We have recently held that where one fire insurance policy was issued and one premium paid covering loss of personal and real property and one fire occurred causing damages to the real property and personal property, that only a single cause of action existed and it could not be split by bringing separate lawsuits on each loss item. *Lisenby* v. *Farm Bureau Mutual Ins. Co. of Arkansas, Inc.,* 245 Ark. 144, 431 S. W. 2d 484 (1968). There the insured first recovered the full amount for which the dwelling was insured. This action constituted a bar to a subsequent suit for damages to the personalty inasmuch as splitting the single cause of action is not permitted. In the case at bar, it is the appellee's contention that in this single action he should be permitted to subdivide the insuring clauses with respect to the dwelling and household contents as separate causes of action; that he is entitled to the statutory penalty and attorney's fee where a full recovery is had on a separate count, although the recovery is less than the total amount sued for in both counts. Appellee argues that this should be permitted because a different rule of law applies with respect to a dwelling [the valued policy law, or a liquidated demand where a total loss occurs by fire—Ark. Stat. Ann. § 66-3901 (Repl. 1966)] and that another rule applies as to personal property [the actual market value of the property insured at the time of the loss].

Our well established rule is that before one is entitled to the 12% statutory penalty and attorney's fee, the insured must recover the full amount he seeks. *Smith* v. *U. S. F. & G. Co.,* 239 Ark. 984, 395 S. W. 2d

749 (1965); *Farmers Mutual Ins. Co.* v. *Denniston,* 237 Ark. 768, 376 S. W. 2d 252 (1964). Even so, in the case at bar, appellee asserts that it would be a harsh application of this rule to require the insured to recover the full amount he seeks on both insuring clauses. In the *Smith* case we reiterated that our interpretation and application of this statute have existed for some sixty years during which time our legislature has not seen fit to make any change with reference to any asserted harshness. This statute is penal in nature which requires a strict construction and one who invokes it must bring himself clearly within its terms. *National Old Line Ins. Co.* v. *Russell,* 188 Ark. 632, 67 S. W. 2d 195 (1934); *National Fire Ins. Co.* v. *Kight,* 185 Ark. 386, 47 S. W. 2d 576 (1932). In cases somewhat similar to the case at bar, although not fire insurance contracts, we have held, where claims under two separate clauses of a single policy were made, that the failure of the insured to recover the full amount sought on both clauses or claims precluded the imposition of the statutory penalty and attorney's fee. *The Equitable Life Assurance Society of The United States* v. *Bruce,* 203 Ark. 543, 157 S. W. 2d 522 (1942); *Metropolitan Life Ins. Co.* v. *Pope,* 193 Ark. 139, 97 S. W. 2d 915 (1936); *Interstate Business Men's Accident Ass'n.* v. *Sanderson,* 148 Ark. 195, 229 S. W. 714 (1921).

Since the appellee did not recover the full amount sought on both counts or claims, we must hold that the 12% statutory penalty and attorney's fee are not authorized.

Reversed.