

HILL'S CO-OP GIN COMPANY,
et al *v.* Earl BULLINGTON, et al

77-71                                    552 S.W. 2d 231

Opinion delivered June 27, 1977
(Division II)

*Butler, Hicky & Jones,* by: *Preston G. Hicky,* for appellants.

*Frierson, Walker, Snellgrove & Laser,* for appellees.

DARRELL HICKMAN, Justice. This case started between cotton growers, Ernest Bullington, his brother, Earl, Ralph Murphy, and a cotton buyer, W. B. Dunavent and Company, who brought a lawsuit against a ginning company, Hill's Co-op Gin Company of Arkansas, Inc., over the loss of seventeen bales of cotton that burned while in the custody of the gin company.

The lower court granted a directed verdict to the growers and buyer for the amount they sued for, plus penalties and attorneys' fees. Hill's Co-op and Farm Bureau appeal the decision of the lower court alleging two errors: the court should have granted the defendants' demurrer to the complaint because the buyer, Dunavent, was not a proper plaintiff party to sue Hill's and Farm Bureau; and the court was wrong in granting a directed verdict to the appellee growers and buyer.

We agree with the appellants.

Earl Bullington and his brother are cotton growers from Missouri who have a farm in St. Francis County. Ralph Murphy is a part owner of that farm. They had all contracted to sell all of the cotton from this farm to Dunavent, a non-resident corporation, for thirty-two cents a pound. The growers delivered their cotton to Hill's Gin and after it was ginned, while in the custody of Hill's, but before it was sampled and graded, seventeen bales burned. Farm Bureau had an insurance policy with the gin company and offered to pay the growers thirty-two cents a pound. That policy had the following provision:

> This policy covers only seed cotton, baled cotton and baled motes, cotton seed, bagging and ties, fertilizer and insecticides; the property of the insured or for which the insured may be legally liable or for which the insured has assumed responsibility for providing insurance coverage.

The growers demanded the market price on the date of the loss for strict low middling, inch and 1/16th cotton which was 82.15 a pound. It was not disputed that the seventeen bales of cotton weighed 9,070 pounds, less twenty-one pounds per bale for bagging and ties. 9,070 pounds at 82.15 a pound totals $7,451.05, which is the amount the growers sued for. The buyer, Dunavent, joined in this suit against the insurance company and the growers and the buyer asked for 12% penalty and attorneys' fees, which is authorized by Ark. Stats. Ann. § 66-3238.

The appellants demurred to this complaint stating that Dunavent was not a proper party to sue Hill's and Farm Bureau because it was not the owner of the cotton, or a customer of Hill's and, therefore, not entitled to recover for the loss directly against the appellants. The appellants were right. Dunavent was not an owner of the cotton. It only had a claim against the growers and not the gin or insurance company. We decided that an insurance policy, such as one in this case, is not a liability policy but insurance for property that is on the premises. *Pacific Fire Ins. Co.* v. *Murdock Cotton*

*Co.,* 193 Ark. 327, 99 S.W. 2d 233 (1936). However, in the Pacific case, the suit was brought in the name of the *owner* who had legal title to the cotton. Dunavent did not have legal title to the cotton. It only had a contract with the growers to buy the cotton. Only the owners of the cotton at the time of the loss would be entitled to sue the gin and insurance company directly. Therefore, the trial court was wrong in not granting the demurrer to the complaint. Any claim Dunavent may have against the Bullingtons and Murphy is not before the court.

There is no direct evidence in the record of the grade of the seventeen bales of cotton. It is not disputed that strict low middling, inch and 1/16th cotton was worth 82.15 on the date of the fire. The proof in the record that this cotton was of that grade was all circumstantial. Also, it is undisputed that each bale had twenty-one pounds of bagging and ties, and this figure would have to be deducted from the total weight of 9,070 pounds to arrive at a figure for which a verdict could be entered. This is assuming the appellees proved this cotton was worth 82.15 per pound. Therefore, even assuming the cotton was worth 82.15 per pound, the court improperly entered a judgment for the amount sued for plus penalties and attorneys' fees. Since Ark. Stats. Ann. § 66-3238 (Repl. 1966) only permits attorneys' fees and penalties when the exact amount sued for is recovered, the court improperly awarded penalties and attorneys' fees.

The trial court improperly concluded that it was not disputed as to the grade of the cotton. Whether or not the grade was proved depends upon the inferences that may be drawn from the circumstantial evidence on grade. This means market value was a fact question for the jury and not a matter of law for the court.

It is the burden of the plaintiffs, the appellees here, to prove the market value at the time of the loss. It was a matter for the jury to decide the market value based on the evidence presented. The court could not have directed a verdict in view of the fact that the market value was disputed.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.