# FARMERS INSURANCE COMPANY OF ARKANSAS
## *v.* Mark SHUFFIELD

84-171                                    680 S.W.2d 96

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Huckabay, Munson, Rowlett & Tilley,* for appellant.

*Henry Morgan,* for appellee.

STEELE HAYS, Justice. By this appeal, Farmers Insurance Company of America challenges the allowance of an attorney's fee in a dispute with its insured. Farmers insured the dwelling and contents of Mark Shuffield, which were later damaged by fire. While the claim was being processed, Farmers sued Shuffield, alleging he had committed fraud in submitting his proof of loss. Farmers asked that its coverage be declared void.

Shuffield counter-claimed for the fire damage and moved that Farmers' suit be dismissed, which the trial court declined to do. Prior to trial, and without objection from Farmers, the trial court ordered a reversal of the parties so that Shuffield became the plaintiff and Farmers the defendant. The case was tried in that posture and the jury assessed Shuffield's damage at $57,809.15, appreciably less

than he had alleged. Shuffield moved for a penalty and attorney's fee for defending Farmers' suit and the trial court allowed a fee of $7,500 from which Farmers has appealed. We affirm.

Farmers argues that Ark. Stat. Ann. § 66-3238 (Repl. 1980) providing for penalty and attorney's fee,[1] is not applicable because we have held the statute must be strictly construed and, hence, not to be applied where the insured fails to recover the amount claimed under the policy. *Countryside Casualty Co.* v. *Grant,* 269 Ark. 526, 601 S.W.2d 875 (1980); *Hill's Co-op Gin Co.* v. *Bullington,* 261 Ark. 915, 522 S.W.2d 281 (1977); *MFA Mutual Insurance Co.* v. *Perrow,* 249 Ark. 542, 459 S.W.2d 798 (1970); *Smith* v. *Beal,* 248 Ark. 248, 451 S.W.2d 195 (1970); *Kansas City Fire and Marine Insurance Co.* v. *Baker,* 229 Ark. 133, 13 S.W.2d 249 (1958).

If that were the only rule of law involved, we could sustain the argument, as the amount recovered by Shuffield fell short of the amount claimed by some $25,000. But Farmers had initiated suit to cancel its policy on an allegation of fraud and Ark. Stat. Ann. § 66-3239 (Repl. 1980) applies in that situation:

> In all suits in which the judgment or decree of a court is against a life, fire, health, accident or liability insurance company, either in a suit by it to cancel or lapse a policy, or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of such policy of any of his rights hereunder, or in a suit for a Declaratory Judgment under such policy or in a suit by the holder of such policy to require such company to reinstate such policy, such company shall also be liable to pay the holder of such policy all

---

[1]"In all cases where loss occurs and the . . . fire . . . . insurance company . . . liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such [company] shall be liable to pay the holder of such policy . . . in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; . . . "

reasonable attorney's fee for the defense or prosecution of said suit, as the case may be . . .

Here, the fraud issue was not dismissed but was submitted to the jury in conjunction with Shuffield's claim of entitlement under the policy and, pursuant to the statute, the trial court had the authority to allow an attorney's fee for defending against Farmers' attempt to cancel the policy.

We find no merit in the argument that the realignment of the parties removed the case from the purview of § 66-3239. That step may have been taken merely to facilitate the trial process, and Farmers' acquiescence lends credence to that assumption. The significant fact is that Farmers' efforts to void its coverage remained an issue in the trial and it was for the trial court to determine whether that warranted an attorney's fee pursuant to the statute.

An additional fee of $1500 is allowed for counsel's services in connection with this appeal

Affirmed.