# TYNER v. HAYS.

1. PLEADING: *Denials; Non detinet in Replevin. General issue; evidence under.*

   *Non detinet,* or words to that effect, is no answer to an action for personal property. General denials, under our Code practice, are inadmissable. They must be special to each allegation of fact; but to deny that one *unlawfully* detains property, responds to no fact. But when parties accept general issues as sufficient, and go to trial upon them, it is too late afterwards to hold them void, though they might have been struck out on motion; but the evidence should be confined to the simple and obvious issues which they make, so as not to dispense with pleading specially, matters of which notice should have been given to the opposite party.

2. PRACTICE: *Damages: Judgment for more than claimed in the pleadings.*

   It is an error to render judgment for more damages than is claimed in the complaint, and the error is not cured by an offer to remit the excess.

APPEAL from *Benton* Circuit Court.

Hon. J. H. BERRY, Circuit Judge.

*E. P. Watson,* for appellant:

I. The State has a lien for fine and costs on property of defendant, from time of arrest. *Sec.* 2013 *Gantt's Digest; Johnson* v. *Ashley,* 5 *Ark.,* 168; *Wells on Replevin, Sec.* 123.

II. No matter how informal the execution, if not absolutely void, it cannot be questioned in a collateral proceeding. Nor can appellee recover possession until she releases the liens upon it. *Wells on Replevin, Sec.* 123.

III. McClinton's evidence admissable. A general denial, or general issue, sufficient plea. *Ib. Sec.* 713; *Patterson* v. *Fowler,* 22 *Ark.,* 396; *Pomeroy on Rems., Sec.* 685; *Curd* v. *Wunder,* 5 *O. St.,* 92; *Williams* v. *West,* 2 *O. St.,* 92; *Kelly* v. *Blakely,* 2 *Wes. Law Monthly,* 151;

---

---

*Shur* v. *Slater*, 1 *Ib.*, 317. *Non detinet* puts in issue plaintiff's title, and he must prove *wrongful* detention, and right to immediate possession. *Wells on Rep.*, Sec. 713 and cases cited.

IV. The damages are *excessive* and *vindictive*. Appellee only claimed $5, and was entited to no more, without amending her complaint. *Ib.* *Secs.* 530, 611; *O'Neal* v. *Wade*, 3 *Ind.*, 410. Vindictive damages are never given against an officer in the *bona fide* discharge of duty, though the process is void. *Wells on Rep.*, Sec. 628-9 *and C. C.*; *Ib.* Sec. 528-9-30.

*E. S. McDaniel*, for appellee :

I. The execution was void. *Freeman on Executions*, Sec. 43; *Herman on Ex.*, Sec. 55, *p.* 42; *Bain & Wright* v. *Chrisman*, 27 *Mo.*, 293.

II. McClinton's evidence properly excluded, as it would support a defense not set up in defendant's answer. *Irwin* v. *Childs*, 28 *Mo.*, 377; *Cowden* v. *Cairns*, *Ib.* 471. Nor could defendant amend answer so as to change substantially his defense. *Gantt's Digest*, Sec. 4616.

## STATEMENT.

EAKIN, J. Martha Hays, a married woman, sued Tyner, a constable, in replevin, before a Justice, to recover a mare valued at $40, and damages, alleged in the complaint and affidavit at $5.

The defendant answered in writing :

Ist. That the property was in the possession, when taken, of the plaintiff's husband; that the same was levied upon and taken as his property, by virtue of executions against him in defendant's hands, issued by a Justice of the Peace, in favor of the State.

2d. That he does not unlawfully and wrongfully with-hold plaintiff's property, as described, to her damage, in any sum.

Plaintiff recovered before the Justice, and again on appeal on a trial *de novo*, in the Circuit Court, by the Judge sitting as a jury, judgment was rendered in her favor against defendant and his sureties in his appeal bond, for the mare or its value at $40, and for $45 damages, of which plaintiff offered to remit $6. Defendant appealed, after due motion for a new trial, and bill of exceptions.

The evidence on the part of the plaintiff showed that the property was given to her by her husband, at the time of her marriage in September, 1878, and had ever since been recognized as hers, and had been in her possession, until taken by defendant. She also introduced the defendant Tyner, who testified that he had levied on the property in pursuance of an execution, issued by a certain Justice of the Peace, on the first of October, 1879, to pay off two fines imposed on the husband by a former Justice. He disclaimed having made any other levy, or having any other authority to hold the property, than by said levy. She proved also, by the County Treasurer and the County Judge, that the fines imposed by the Justice had been paid before the levy.

Defendant, on his part, showed by the testimony of the justice issuing the execution, and by the transcript, that upon the docket of his predecessor there were two judgments, or entries intended as such, for fines against the husband; one of the twenty-eighth of August, 1878, for $3, with $2.10 as costs; and another of the twenty-ninth August, 1878, for $1, with $9 costs, making in all $15. The present justice, upon these judgments, reciting them, issued one execution for $16, which was that under which the levy was made. There was proof also that *all* the *costs* of these

suits had not been paid, but that there was still a balance due of three or four dollars.

Defendant further offered, but was not allowed, to prove by the sheriff of the county that before the commencement of this suit said sheriff had in his hands an execution from the Circuit Court against the husband, issued for fine and costs adjudged against him in said court, in October, 1877, which had been levied on the property in question, and which property had been committed to the custody of defendant as the sheriff's bailee, and that, therefore, he was entitled to retain possession. This evidence was excluded by the court, as inadmissible under the issues.

The court held the execution under which the levy had been made, to be void, and rendered judgment as above.

## OPINION.

No question is made of the validity of the gift of the mare from the husband to the wife, in September, 1878, nor is it contended that it was not her separate property. It is only claimed that it was subject to the lien of judgments rendered before the gift, in favor of the State, against her husband, for misdemeanors. The execution was subsequent.

We are not called upon to decide whether or not the court erred in finding the execution void. It was a matter depending on proof, and the finding on this point is not made one of the grounds of the motion for a new trial. As the matter was brought to our notice, we may at least say that it was irregular, unauthorized by law, and such as should have been quashed, upon proper application. Whether so wholly void, however, as to vitiate all proceedings under it, is a question we need not now decide.

1. PLEADING:
Denials:
*Non deti-net* in Replevin.
*Non detinet*, or words to that effect, is not a good plea under the Code, in an action for personal property. Our

system is in some respects more rigid, with regard to answers, than that of most of the States which have adopted the modern new procedures. It does not admit of "general" denials. They must be special to each allegation, and *allegations* mean statements of facts, not propositions of law. They refer to things to be pleaded, not matters to be argued. To deny that one *unlawfully* detains property responds to no fact. It may be based upon the respondent's view of his legal rights. Either the property in plaintiff should be denied, or the fact of the detention; or, both being admitted, the special matter should be set up which shows the detention to be lawful. Otherwise there is no issue of fact, but a mixed issue of law or fact, inviting that wide range of evidence, which it is the express design of the Code to limit. Old habit and some recalcitration against the Code, amongst a very respectable class of attorneys, has kept up a tendency to the use of the general issues, as well as the other common law forms. When such pleas are accepted as making an issue, and parties go to trial upon them, it is too late to hold them null and void, although they might have been struck out on motion. But as to the evidence admissible under them, it should be confined to the simple and obvious issues which they make, so as not to dispense with pleading specially matters of which notice should have been given to the opposite party. This is illustrated by Mr. NEWMAN, in case of a simple denial of title. He says, *p.* 523 of his work on *Pleading and Practice*, that under such an answer, defendant might show adverse possession, or any other facts to defeat plaintiff's title. "But," continues the author, "if the defendant intends to rely upon the fact that the property was pawned to him, or that he holds it under a lien, or any other defense, which admits the title in the plaintiff, and possession in himself, he must set forth the facts of the defense in his answer."

*General issue.*

*Evidence under.*

The court did not err in excluding testimony regarding the judgment of the Circuit Court. It is not apparent how the defendant could have been injured by its exclusion, if admissible, as he had himself expressly and positively disclaimed the taking and detention of the mare upon any other right or authority than that of the execution from the justice.

Lest misapprehension should arise, I will not pass in silence a point assumed by appellant, and which seems to be conceded by appellee. It is that a judgment before a justice, in a criminal proceeding for a misdemeanor, is a lien upon all the property of defendant, real and personal, from the time of his arrest.

At the time of the Revised Statutes, when the law was passed which now stands as *Sec.* 2013 *of Gantt's Digest,* justices had no criminal jurisdiction whatever. The act applied to prosecutions by indictment in courts of record. It might have very disastrous consequences to apply this act to the proceedings before Justices of the Peace. Their judgments are not usually clothed with the dignity of liens, especially such liens as are not limited to townships, or even counties. How far, or whether or not they are liens, are questions suggested by this case and may become involved in its decision, if the execution from the justice be held only voidable, and not void.

2. DAMA-
GES:

Verdict
should not
exceed the
amount
claimed.
There was error in finding damages beyond the amount claimed. This practice might lead to surprise and abuse.

The complaint or affidavit is always, before trial, amendable as to amount of damages, in the discretion of the court, and parties should amend, if they desire more than originally claimed. This error was not cured by the offer to remit, and a new trial should have been granted.

It is not necessary to decide whether the proof supported the amount of damages found, diminished by the remittitur.

There were other grounds for a new trial, but as the case must be remanded, it is not deemed important to notice them. They show no error.

Reverse the judgment and remand, for error in overrul- the motion for a new trial, with the usual directions as to further proceedings.