| 72 | 47 |
| s79 | 475 |

HARTFORD FIRE INSURANCE COMPANY *v.* ENOCH.

Opinion delivered December 12, 1903.

1. EVIDENCE—COPY OF WRITING.—A copy of a writing is inadmissible in evidence until it has been shown that the original is lost or destroyed, or that it is in the possession of the opposite party, who has failed to produce it as evidence after being notified to do so. (Page 51.)

2. APPEAL—OBJECTION NOT RAISED BELOW.—Where plaintiff accepted an answer as sufficient by not objecting to it, and went to trial, he cannot on appeal complain of its insufficiency. (Page 51.)

3. FIRE INSURANCE POLICY—CONDITION AS TO OWNERSHIP.—A policy of fire insurance stipulating that it shall be void if the interest of the assured in the property "be other than an unconditional and sole ownership" is void by its own terms if the assured held only a conditional title. (Page 51.)

4. Waiver—burden of proof.—The burden is on the assured, suing on a policy, to prove that the insurer waived a condition therein. (Page 51.)

5. Same—evidence.—Evidence that, after an insurance company was informed that there was a lien, on the property insured, it demanded additional proof of loss, which was furnished, is insufficient to show a waiver of a condition that the policy should be void if the insured's interest was other than unconditional and sole ownership; a lien not being inconsistent with absolute ownership. (Page 52.)

Appeal from Howard Circuit Court.

Will P. Feazel, Judge.

Reversed.

*W. C. Rodgers,* for appellants.

The court erred in admitting parol evidence to vary the terms of the written contract. 4 Ark. 179, 182, 183; 5 Ark. 651, 655; 13 Ark. 496, 499; 5 Ark. 672, 675; 15 Ark. 543, 548; 24 Ark. 210, 212; 29 Ark. 544, 547; 30 Ark. 186, 197; 31 Ark. 411, 420; 35 Ark. 156; 45 Ark. 177, 198. This rule has been expressly applied to contracts of insurance. 51 Ark. 441; 58 Ark. 277, 281; 62 Ark. 43, 47. A contract cannot rest partly in writing and partly in parol. 29 Ark. 544, 547. The court erred in allowing secondary evidence as to the contents of the proofs of loss, with-out a foundation first laid therefor by a showing that they were lost or destroyed. 1 Ark. 232; 4 Ark. 574; 7 Ark. 112; 14 Ark. 141; 65 Ark. 475; 68 Ark. 606. The stipulations in the policy as to proofs of loss are binding, and must be complied with. 6 T. R. 710; 13 Me. 265; 49 Me. 282; 7 Cow. 462; 85 Me. 289; 20 Wis. 217; 48 Kan. 239; 96 Ia. 39; 64 Ark. 590; 87 Fed. 118; 60 Ark. 532, 584; 57 N. E. 577; 65 Ark. 54; 43 Ind. 418; 91 Md. 596; s. c. 46 Atl. 1010; 78 Cal. 468. The court erred in refus-ing the twelfth instruction asked by appellant, upon the right of one person to insure the property of another. 15 Wall. 643; 104 U. S. 775; 97 Va. 74; 92 Mich. 584; 76 Tex. 400; 9 Fed. 249; 46 Mich. 473; 104 Ga. 446; 51 S. W. 312. The conditional character of appellee's title destroyed the validity of the policy. 63 Ark. 187; 86 N. Y. 423; 116 N. Y. 106-116. Acceptance of the policy was tantamount to a representation that the assured was the sole

and unconditional owner of the property as mentioned in the contract of insurance. 68 Mo. 127; 86 N. Y. 123. The failure to furnish the required proofs of loss avoided the policy. 1 Mo. App. 269; 62 Fed. 222, 226. The misrepresentation as to title avoided the policy from the beginning. 116 N. Y. 100, 116. Ostrander, Fire Ins., § 57, p. 202; 7 Cow. 462. Adjustment does not waive any rights. 2 Wood. Ins., § 450; 68 Minn. 373.

*D. B. Sain* and *W. S. & F. L. McCain,* for appellees.

It was not incumbent upon the plaintiff to allege specific performance of all the requirements of the policy. Sand. & H. Dig., § 5757. The whole policy was part of the complaint. 33 Ark. 722. It was the duty of defendant to set out specifically all acts relied upon as violations of the policy. Newman, Code Pl. 541-2; 22 Wis. 412. The answer of appellant does not raise the defenses here argued, as to insufficiency of proofs of loss. These denials must be specific. 32 Ark. 97; 35 Ark. 104; 54 Ark. 525; Maxw. Pldg. 96; Newman, Pldg. 511; Pomeroy, Code Rem. 618, 620. The rule forbidding the use of copies of a paper in evidence when the original can be procured applies only to cases where the issues turn upon the language of the writing. 1 Greenl. Ev., § 278. The company, by its subsequent dealings with appellee, waived any defects in the proofs of loss. 65 Ark. 61; 66 Ark. 588. Failure to object to the proofs of loss in time for their amendment waived any defect therein. 134 Pa. St. 570; 151 Pa. St. 607; 84 Ia. 135; 53 Ark. 494; 68 Wis. 519; 12 Gray, 265; Kerr, Ins., 573, 580. By demanding corrected proofs of loss all defenses founded upon misrepresentations as to title were waived. 53 Ark. 494. Appellee had an insurable interest in the property, and, the company being informed of his title, the policy is not void because his title was not absolute and unconditional. 52 Ark. 17; Wood. Ins., §§ 256, 260-1, pp. 480, 487. Further, that appellee's title in this case was sufficient, see 48 Ark. 165; 70 Wis. 200; 117 Pa. St. 474; 112 Ala. 128.

*W. C. Rodgers,* for appellant, in reply.

Upon the sufficiency of the answer see, generally, Sand. & H. Dig., §§ 5604, 5717, 5722; 50 Ark. 466, 475. The sufficiency

of said denials cannot be questioned, for the first time, upon appeal. 70 Ark. 558, 563.

BATTLE, J. S. Enoch sued the Hartford Insurance Company on a policy of insurance. He alleged in his complaint that the defendant, on the 12th day of December, 1900, for the consideration of $53.12, insured the plaintiff for the term of one year, beginning the 12th of December, 1900, and ending the 12th of December, 1901, against all direct loss or damage by fire, to an amount not exceeding $1,250, to his one and a half story frame shingle-roof building, occupied as a livery stable, his hay, corn and other feed stuff, his harness, collars, bridles, carriages, buggies and other vehicles, while contained in said livery stable; that, on the 3d day of January, 1901, while the policy was in force, the property was totally destroyed by fire, and the plaintiff thereby suffered a loss of $1,500; that, "on the 13th day of February, 1901, the plaintiff gave the defendant due notice and proof of loss by reason of said fire as required by the policy."

The defendant answered, and admitted the insurance, and denied "that, on the 13th day of February, 1901, the plaintiff gave the defendant due notice and proof of loss as required by the terms of the policy sued on," and alleged that the policy of insurance, among other things, provided "that the entire policy should be void and of no force if the interest of the insured in the property be other than an unconditional and sole ownership, and that the interest of the said S. Enoch, to whom the policy was issued, and at the time of the alleged fire, was not an unconditional and sole ownership."

Plaintiff recovered judgment for $987.50, and the defendant appealed.

In the trial the policy was read as evidence. One of the conditions of the insurance, as shown by the policy, was that, "if fire occur, the insured shall give immediate notice of any loss thereby, in writing," to the defendant; "and within sixty days after the fire, unless such time is extended in writing by" the defendant, "shall render a statement" to the defendant, "signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value

of each item thereof, and the amount of loss thereon," etc. And the policy further provided that it shall be void if the interest in the property assured "be other than an unconditional and sole ownership."

Appellee was allowed by the court, over the objections of the appellant, to show the statement or proof that he rendered to the appellant after the fire, as to his loss, by a copy thereof, without laying any foundation for its admission.

It was shown that appellee purchased a large portion of the property insured, and destroyed by fire, conditionally; that the vendor retained title to the same until the purchase money was fully paid; and that it had not been paid. The evidence tended to prove that these facts as to the ownership of the property were discovered by appellant after the fire.

The copy of the statement or proof as to the loss of the property by fire was not admissible as evidence until it had been shown that the original was lost or destroyed, or that it was in the possession of the appellant, and it had failed to produce it as evidence after being notified to do so. The court therefore erred in allowing it to be read as evidence without proof of the facts necessary to show its admissibility being first made. *Stanley* v. *Wilkerson*, 63 Ark. 556; *Hallum* v. *Dickinson*, 47 Ark. 120; *Jones* v. *Robinson*, 11 Ark. 504; *Dade* v. *Ins. Co.*, 54 Minn. 336: 1 Greenl. Ev., § § 557, 561.

Appellee insists that no proof that the statement or proof was furnished was necessary, because the appellant in his answer denies only that it was furnished on the 13th of February, 1901. The denial was not sufficient, but appellee accepted it, and went to trial, and cannot now complain of its insufficiency. *Tyner* v. *Hayes*, 37 Ark. 599; *Hecht* v. *Caughron*, 46 Ark. 132.

Appellee was not the absolute and unconditional owner of a part of the property insured, and the policy, according to its own terms, is void. *Phoenix Insurance Co.* v. *Public Parks Amusement Co.*, 63 Ark. 187. But appellee contends that this condition was waived. The burden was upon him to prove such waiver. *Planters' Mutual Ins. Co.* v. *Loyd*, 67 Ark. 584. There could have been no waiver. unless appellant at the time of the alleged waiver knew or had notice that the policy was forfeited on account of the failure of the condition. *Planters' Mutual Ins. Co.* v. *Loyd*,

*supra.* The evidence adduced for the purpose of showing a waiver was to the effect that appellant was informed that there was a lien on property for unpaid purchase money, and thereafter demanded additional proof of loss, which was furnished. That was not sufficient. The lien might have existed, and appellee might nevertheless have been the absolute and unconditional owner of the property. The evidence wholly fails to show a waiver.

Reversed and remanded for a new trial.