QUEEN OF ARKANSAS INSURANCE COMPANY *v.* MILHAM.

Opinion delivered March 18, 1912.

INSURANCE—LIABILITY OF INSURER FOR PENALTY AND ATTORNEY'S FEE.— Where the insurer claimed a set-off, which was allowed by the insured, and the cause went to trial upon an issue as to whether the insurer owed anything, and the insured recovered the amount sued for less the above set-off, he was entitled to the statutory penalty and an attorney's fee.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*Manning & Emerson* and *A. W. Files,* for appellant.

The court erred in allowing the penalty and attorney's fee.   93 Ark. 84; 92 *Id.* 378; 94 *Id.* 578.   A motion for a new trial was unnecessary; the error appears upon the face of the judgment.   57 Ark. 370; 61 *Id.* 33.

*Thomas E. Toler,* for appellee.

1.   There is no bill of exceptions.   37 Ark. 37; 38 *Id.* 216; 39 *Id.* 558; 42 *Id.* 488; 52 *Id.* 554; 95 *Id.* 332.

2.   Appellant contested the claim, and never made any offer to confess judgment for the amount due.   94 Ark. 578; 86 *Id.* 115.

HART, J.   Appellee had his stock of goods insured by the appellant for $500.   On June 2, 1910, while the policy was still in force, the goods were destroyed by fire.   Appellee made the necessary proofs of loss, and forwarded them to appellant; appellant's adjuster, after making the necessary investigation, agreed to pay the appellee the sum of $423.36 in settlement of the loss.   Subsequently appellee made demand upon the appellant

for the payment of this sum, and, upon refusal of the appellant to pay the same, instituted this action to recover it.

Appellant answered, denying that it owed appellee the amount claimed by him, and, as a further defense, set up a breach of certain of the conditions of the policy. Subsequently appellant filed an amendment to its answer in which it alleged that the appellee owed it the sum of twelve dollars and the accrued interest for a part of the premium for the policy sued on, and asked that the same be allowed as a credit or set-off against any amount that might be found to be due appellee. Appellee then filed an amendment to his complaint, in which he admitted that he owed the appellant the premium note of twelve dollars and interest, and asked for judgment in the sum of $423.36 as the amount sued for. The jury returned a verdict for the sum of $423.36. The court then heard the testimony as to what a reasonable attorney fee would be in the case, allowed eighty-five dollars, and judgment was rendered accordingly. The case is here on appeal.

There was no bill of exceptions filed in the case, and appellant's counsel only ask for a reversal of the judgment on the ground that the court erred in allowing 12 per cent. penalty and the attorney's fees under the statute. There was no error in this.

The loss was adjusted, and appellant agreed to pay appellee the sum of $423.36. It refused to pay the same after demand made therefor, and appellee instituted this action to recover it. Appellant answered, denying owing the amount sued for, and setting up alleged breaches of the conditions of the policy.

When appellant filed its amended answer and claimed as a set-off the amount due it by appellee on the premium note, appellee at once conceded that the amount should be deducted from the amount sued for in his original complaint, and only asked judgment for the difference, which was $423.36. If appellant wished to avoid the penalty and attorney's fee provided for in the statute, it should have offered to confess judgment for that amount, and thus have ended the suit. It did not do so, but elected to go on and contest the claim of the appellee on other grounds, and thereby became liable for the

penalty and attorney's fee provided for in the statute when appellee recovered the amount sued for. *Industrial Mut. Ind. Co.* v. *Armstrong,* 93 Ark. 84-5; *Pacific Mutual Life Ins. Co.* v. *Carter,* 92 Ark. 378; *Home Fire Insurance Co.* v. *Stancell,* 94 Ark. 578-83.

Judgment will be affirmed.