FRAZER *v.* PETTIT-GALLOWAY COMPANY.

Opinion delivered November 23, 1926.

1.  EVIDENCE—ADMISSIBILITY OF COPY OF WRITING.—A copy of a writing is inadmissible in evidence until it has been shown that the original is lost or destroyed, or that it is in the possession of the opposite party, who has failed to produce it as evidence after being notified to do so.

2.  INTEREST—OPEN ACCOUNT.—An open account for goods sold bears interest after maturity.

3.  SALES—WAIVER OF BREACH OF WARRANTY.—Where the seller of a gas plant warranted it free from defects for one year, the buyer will be held to have waived a breach of such warranty by selling the plant.

4.  SALES—REMEDIES OF SELLER.—Though the seller of a gas plant could, under reservation of title, retake the property after the buyer had resold it, it was not required to do so, and could treat the title as having passed to the buyer's vendee and sue for the balance of the purchase price.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*A. J. DeMers* and *T. N. Robertson,* for appellant.

*Carmichael & Hendricks,* for appellee.

SMITH, J. In February, 1923, appellant, Frazer, and his wife purchased from appellee certain household appliances, including a gas plant and accessories. These articles were bought on open account, and title was reserved by appellee until the purchase money was paid. The gas plant and accessories were installed in the suburban home of appellants, near the town of Levy, Arkansas. The sale was evidenced by a written contract, which contained the following guaranty: "Guaranty—All

apparatus listed above is guaranteed to be free from defects in workmanship and material for a period of one year, and any parts proving defective within this period will be replaced without charge. On apparatus having guaranty card attached, the card must be properly filled out on date of installation and returned to us or to the manufacturer.''

Frazer was slow in making payments, and was asked for a note, which appellee thought it could use by discounting it at the bank, and a note was given, which evidenced the balance then due. There was correspondence between the parties in regard to the payment of the note. Appellee had notified the attorneys for appellants in writing that it desired the originals of certain specified letters for the benefit of the record. These letters were not produced by appellants, and the court permitted appellee to introduce copies thereof. When appellants put on their case, they offered to introduce copies of certain letters, which were excluded when objection to their introduction was made. No notice, however, had been given to appellee to produce the originals of the letters copies of which appellants sought to introduce. These rulings are assigned as error.

In the case of *Hartford Fire Ins. Co.* v. *Enoch,* 72 Ark. 47, 77 S. W. 899, a syllabus reads as follows: ''A copy of a writing is inadmissible in evidence until it has been shown that the original is lost or destroyed, or that it is in the possession of the opposite party, who has failed to produce it as evidence, after being notified to do so.'' There was therefore no error in the ruling made.

At the conclusion of all the testimony, the court instructed the jury as follows: ''Gentlemen of the jury, in this case, as the court sees it, there is nothing for the jury to decide. The proof shows that this gas plant was sold, together with other articles, all of which amount had been put in a note for $1,200; the proof shows further, without contradiction, and it is admitted, that that note, or account, either, was paid down below the cost of the gas plant, and when any amount was paid on the

purchase price of the gas plant it was a ratification of the gas plant. Now, the defendant claims that the gas plant did not perform the service it was intended for, but the law required him, when he found that out, to act by complaining, so, if he paid with knowledge of its condition, then the law imposed on him absolute ratification under his contract. That is one reason. Another reason is, the property has been sold, for a consideration, to a purchaser, and for that reason the plaintiff cannot get its property. So you will return a verdict for the plaintiff by direction of the court."

Thereupon the jury, under the above direction of the court, rendered a verdict in favor of the plaintiff for the sum of $750, and judgment was rendered accordingly, and the defendants have appealed.

Appellee had sold appellants other goods, which, upon complaint concerning their quality, had been taken back, and these goods are not involved in this litigation.

There was testimony, which does not appear to be denied, that certain payments were made, which were credited on the note, and, in response to appellee's demand that the balance be paid, appellants offered to pay the note if no interest was charged thereon, this contention being based on the theory that the account itself bore no interest, and that the note had been given merely to accommodate appellee in raising money by using the note. Of course the account, as well as the note, after maturity, would bear interest.

It appears that, without appellee's knowledge or consent, appellants sold the house in which the plant had been installed, but appellants say this is unimportant, for the reason that, having reserved title to the heating plant, appellee had the right to retake it, and should do so, inasmuch as appellants contend it did not meet the specifications of the guaranty under which it was sold concerning its heating qualities. It will be observed, however, that the guaranty was in writing, and contained no reference to the heating qualities of the plant.

Appellants did not return the property, or offer to do so, nor did they wait until they were sued and plead partial failure of consideration. On the contrary, they sold the plant, and have the proceeds.

We think therefore that the court was correct in holding, as a matter of law, that appellants had ratified the contract of sale, even though there had been a breach of the guaranty, by selling the plant. It is true, appellee, under its reservation of title, might have retaken the property, but it was not required to do so. It has elected to treat the title as having passed to appellant's vendees, and, under this election, it had the right to sue for the balance of unpaid purchase money.

The judgment of the court below is correct, and is therefore affirmed.