BROADAWAY *v.* THE HOME INSURANCE COMPANY.

4-6488                                          155 S. W. 2d 889

Opinion delivered November 24, 1941.

*Denver L. Dudley* and *Foster Clarke,* for appellant.

*Lamb & Barrett,* for appellee.

GREENHAW, J. The only question to be determined in this case is whether the appellant, under the facts and circumstances in evidence, was entitled to recover the statutory penalty and attorney's fees under § 7670 of Pope's Digest, which provides: ''In all cases where loss occurs and the fire, life, health or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve

per cent. damages upon the amount of such loss, together with all reasonable attorney's fees. . . ."

According to the evidence, the appellant was the owner of a fire and theft insurance policy upon an automobile. This policy was issued in August, 1939, by the appellee, insuring appellant's automobile for its actual value against loss by fire and theft. On April 15, 1940, while the policy was in full force and effect, the automobile was stolen and burned. Notice of the loss was given to the appellee, and thereafter negotiations transpired between the appellant and appellee in an endeavor to agree upon the actual damages suffered by appellant by reason of the loss of his automobile.

The appellant owed the Commercial Credit Company $575.40, being the balance due on the purchase price of the automobile, for which title retaining notes were executed and were held by the Commercial Credit Company. In July, 1940, the appellee paid to the Commercial Credit Company, under the loss payable clause in appellant's policy, the full balance due it upon the automobile, in the sum of $575.40. Throughout the negotiations between the appellant and appellee it was conceded by the appellant that the Commercial Credit Company should be paid the amount due it, and no question has been raised as to the accuracy of the amount paid to it by the appellee.

Efforts to reach an agreement as to the amount of actual damages sustained by the appellant, which, of course, was a factual question, were unavailing. The smallest amount which the appellant agreed to accept was $850. The largest amount which the appellee had offered was $625. Failing to reach an agreement, the appellant filed suit against the appellee in the Craighead circuit court, Jonesboro district, in December, 1940, alleging that he had been damaged in the sum of $750 by reason of the loss of his automobile. This was $100 less than the appellant had ever offered to settle for, so far as the record reveals. Within apt time thereafter the appellee filed an answer setting up that it had paid the Commercial Credit Company the amount of $575.40 due it, and offered to confess judgment for the balance of $174.60, also offering to confess judgment for the interest

and costs which had accrued up to the time the answer was filed. The total amount for which the appellee offered to confess judgment was $185.45, which was tendered with its answer and paid into the registry of the court.

The appellant contends that he is entitled to the penalty and attorney's fees for which he prayed in his complaint, pursuant to § 7670 of Pope's Digest, for the reason that the appellee had not offered to pay more than $625 prior to the institution of this suit. The appellee contends that no demand was ever made for $750 prior to the institution of this suit, and that within apt time after the demand was made, through the complaint, it offered to confess judgment, and did in fact pay into the registry of the court the amount sought in appellant's complaint, after deducting the amount it had theretofore paid to the Commercial Credit Company, which the appellant concedes was properly paid.

This case is controlled by the case of *National Fire Insurance Company* v. *Kight*, 185 Ark. 386, 47 S. W. 2d 576, in which this court held, in a very similar case, that the insured was not entitled to recover the twelve per cent. penalty and attorney's fees. In that case negotiations took place between the insured and the insurance company in an endeavor to settle the insured's claim under his policy for damage to his building by fire. The last and smallest amount which the insured offered to accept in settlement of his claim prior to filing suit was $2,800, which the insurance company declined to pay. Thereafter the insured brought suit for $2,675. The insurance company answered, admitting liability for $2,-675, together with interest and costs, and at the same time paid that sum into the registry of the court. The insured contended that he was entitled to the penalty and attorney's fee, which was denied by the insurance company, and the lower court rendered judgment for the twelve per cent. penalty, together with an attorney's fee. This holding was reversed by this court, which said: "We think the court erred in so holding. Appellee first demanded the full amount of the policy, $3,000. Later it reduced this amount and demanded $2,800, and in this

demand he stated that he would not accept less. Appellant did not deny its liability in a sum sufficient to restore the building to its former condition, and the only difference between them was the amount necessary for this purpose. Appellee for the first time demanded a less amount than $2,800 when it filed its complaint seeking to recover $2,675 with interest, 12 per cent. damages and a reasonable attorney's fee. Thereupon appellant promptly paid the amount of the demand with interest and the accrued costs. This court has several times held that the above statute providing for 12 per cent. damages and a reasonable attorney's fee is highly penal and should be strictly construed, and that it should not be held to apply except in cases which come clearly within the statute. *Home Life Ins. Co.* v. *Stancell,* 94 Ark. 578, 127 S. W. 966, and *National Union Fire Ins. Co.* v. *Crabtree,* 151 Ark. 561, 237 S. W. 97.''

It is our opinion that before the provisions of this statute with reference to attorney's fees and penalty are available to an insured, he must file suit for and recover at least as much as the minimum demand which he has theretofore made upon the insurance company. If the insured files suit for less than the minimum demand he has theretofore made under his policy, the insurance company has the right to tender into court and confess judgment for the amount sued for and be relieved of liability for the attorney's fees and penalty provided in the above statute. The insured cannot file suit for an amount less than theretofore demanded and collect the statutory penalty and attorney's fee if the insurance company in apt time, as is the case here, offers to confess judgment and tenders into court the amount sued for, plus interest and costs to the date of tender. Of course, the amount demanded previous to the filing of suit is immaterial if the insurance company contests the suit and judgment for the amount sued for is rendered, in which event the statute would apply.

The lower court held that under the facts in this case the appellant was not entitled to recover penalty and attorney's fees. We think the court was correct in its construction of this statute as applicable to the facts in this case. The judgment is, therefore, affirmed.