VTR, Inc. *v.* Tolbert

5-3724                                          397 S. W. 2d 807

*Ward & Mooney*, for appellant.

*W. B. Howard* and *Jack Segars*, for appellee.

Sam Robinson, Justice. Appellee, Wayne Tolbert, is in the wholesale tire business. He handled tires sold by Vanderbilt Tire & Rubber Company from 1954 to 1961, at which time he quit handling tires for that company.

On the 8th day of May, 1963, Tolbert filed this action against Vanderbilt alleging that the defendant company was indebted to him in the sum of $4,294.03 for tires returned to appellant for adjustment; that the defendant was indebted to him in the sum of $3,559.15 for adjustment made by appellee on tires he had on hand and had not returned to appellant at that time; that the defendant was further indebted to him in the sum of $1,185.66 for advertising appellee had paid for on behalf of appellant. There was a decree for the plaintiff, plus interest from September, 1961, on two items, at six per cent (6%) per annum. The defendant tire company has appealed.

VTR, Incorporated has assumed the obligation of the tire company.

Appellant argues that there was an accord and satisfaction between the parties; that appellee went to appellant's place of business in Florida for the purpose of adjusting the account, and while there, Mr. Leitman of the appellant company gave appellee a check for $2,681.21. Appellant contends that this check was given in settlement of the account; that there was an accord and satisfaction. But the record is clear that there was no agreement. When Mr. Leitman tried to get appellee to sign something to the effect that the parties had settled the matter, appellee threw the paper on the floor and stated emphatically that it was not a settlement in full. To constitute an accord and satisfaction there must be an agreement between the parties. *Alling* v. *John V. Lee & Sons,* 148 Ark. 655, 230 S. W. 1; *Dudley* v. *Adams,* 227 Ark. 376, 298 S. W. 2d 701.

Appellant contends that the trial court erred in overruling a demurrer to the evidence filed by the defendant at the close of the plaintiff's case on the ground that the plaintiff had failed to properly prove a running account, and that the introduction in evidence of the account by appellant did not supply the deficiency. Appellant relies on the language in Ark. Stat. Ann. § 27-1729 (Repl. 1962), to the effect that exceptions may be taken to the ruling of the court. We do not give such a broad construction to the statute. We have held many times that where the plaintiff fails to make out a case and the defendant proceeds and supplies the defect in the plaintiff's evidence the defendant is not entitled to a directed verdict. *Grooms* v. *Neff Harness Co.,* 79 Ark. 401, 96 S. W. 135; *Ft. Smith Cotton Oil Co.* v. *Swift & Co.,* 197 Ark. 594, 124 S. W. 2d 1; *Loe* v. *Hope Oil & Gas Co.,* 230 Ark. 844, 328 S. W. 2d 74.

The defendant introduced in evidence what it claims to be the entire account between the parties. The account as proved by appellant shows no indebtedness to appel-

lee. The account is not questioned by appellee insofar as it goes. But appellee says that appellant failed to give him credit for $4,294.03 for tires he had returned to the company; that appellant failed to give him credit for advertising that he paid for on behalf of appellant, and that appellant failed to give him credit for $3,559.15 he had refunded to customers in making adjustments for tires that did not come up to the guarantee. The court found for appellee on all items.

We cannot say the decree of the Chancellor is contrary to a preponderance of the evidence. True, witnesses in behalf of appellant who were in a position to know whereof they spoke testified that appellee was given credit for every item for which he was entitled to credit. But even so, appellant, with its record of accounts, was unable to show where appellee was given credit for the items involved in this controversy. Appellant's evidence regarding these items is not convincing that appellee was given the proper credits. On the other hand, appellee produced evidence that he shipped tires to appellant as he contends he did, and that he paid for advertising on behalf of appellant.

As to the tires appellee had on hand, there is not much difference in what the parties claim on that point. Appellee says that he did not return the tires to appellant because the company had not paid him for tires he had previously returned, but apparently this item has been adjusted by agreement between the parties that the tires in question be turned over to the Dunlop Tire Company. This has been done.

Appellant states as one of its points on appeal that the trial court erred in allowing interest from September, 1961 on two items. The account would bear interest from maturity. *Frazer* v. *Pettit-Galloway Co.*, 172 Ark. 209, 287 S. W. 1010; 47 C.J.S. 56. We cannot say the Chancellor's finding in that respect is not supported by a preponderance of the evidence.

34

Each party, but in different respects, has moved to re-tax the costs. Both motions are overruled.

Affirmed.